UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

GLOBAL FITNESS HOLDINGS, LLC,  )
                               )    CIVIL ACTION NO. 5:12-314
            PLAINTIFF          )
                               )
v.                             )
                               )    **MEMORANDUM OPINION**
                               )       **AND ORDER**
                               )
FEDERAL RECOVERY ACCEPTANCE, INC.,  )
                               )
            DEFENDANT          )

* * * * * * * * *

This matter is before the Court on three related motions, all based on whether this is the proper venue for the action.  Defendant has filed a "Motion to Dismiss For Improper Venue or Alternatively to Transfer Venue" (DE 18) and a "Motion to Hold Initial Meeting and Report Deadlines in Abeyance" (DE 19) pending resolution of its venue motion.  Plaintiff, in turn, has filed a "Motion for a Hearing on Paramount's Motion to Hold Initial Meetings and Report Deadlines in Abeyance."  (DE 27).  Because the Court is prepared to rule on Defendant's venue motion (DE 18), the others are moot.  For the reasons stated below, the Court DENIES Defendant's motion to dismiss but GRANTS its alternative motion to transfer venue.

## I.  BACKGROUND

At the time this case began, Plaintiff Global Fitness Holdings, LLC (d/b/a Urban Active)("Global Fitness"), a Kentucky limited-liability company with its principal place of business in Lexington, Kentucky, owned and operated thirty-six fitness centers in seven states.[1]

---

[1] When considering a Rule 12(b)(3) motion such as this one, "[t]he Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Audi AG & Volkswagen of America, Inc. v. Izumi,* 204 F.Supp.2d 1014, 1017 (E.D. Mich. 2002) (citations omitted). As a result, this background is based largely on the facts as alleged in the Complaint.  (DE 1).

Ten of those locations were in Kentucky.  (DE 23-2).  In September of 2009, Global Fitness contracted with Defendant Federal Recovery Acceptance, Inc. (d/b/a Paramount Acceptance)("Federal Recovery") to process monthly fees from some of its fitness center members.  Federal Recovery is a Utah corporation with its principal place of business in Salt Lake City, Utah.  Under the agreement, Global Fitness gathered billing information from customers and then uploaded this member data to Federal Recovery's encrypted website.  Using the member data, Federal Recovery electronically withdrew the necessary funds from member accounts and deposited the funds collected with Global Fitness's bank, Fifth Third, in Lexington, Kentucky.  (DE 23-2).  The business relationship required Global Fitness and Federal Recovery to be in close contact.  There were weekly scheduled calls in addition to other as-needed communications between the businesses.  (DE 23-2).

In September 2012, Global Fitness sought to end that relationship after agreeing to sell its fitness centers to L.A. Fitness International, LLC.  The asset purchase agreement had a closing date of October 15, 2012, with the price being reduced should closing be delayed beyond that date.  On September 10 and 11, 2012, Global Fitness communicated its desire to terminate the agreement with Federal Recovery.  (DE 23-3).  The agreement between Global Fitness and Federal Recovery included a 45-day prior notice termination clause.  By October, Federal Recovery had not transmitted all the member data or all the member funds to Global Fitness.  With the closing date with L.A. Fitness looming, Global Fitness filed this instant action (DE 1) and also sought a preliminary injunction.  (DE 5).  Although Federal Recovery did not appear, the Court granted the preliminary injunction.  (DE 11).  The parties state that Federal Recovery complied with the injunction and produced the member data on October 11, 2012.  Global Fitness, however, still missed its closing date of October 15, 2012, with L.A. Fitness, and so the

eventual purchase price was reduced.  In its Complaint, Global Fitness has brought multiple claims against Federal Recovery including causes of action for conversion, tortious interference, injunctive relief, and breach of contract. (DE 1).

Before those issues can be addressed, the Court must resolve the procedural question regarding venue.  Federal Recovery has challenged Global Fitness's choice of venue by arguing that it does not reside in this district and that a substantial part of the events or omissions under the contract did not take place in the district.  Federal Recovery moves for an order of dismissal for improper venue, citing specifically Federal Rule of Civil Procedure 12(b)(3) (providing for motion to dismiss for improper venue), 28 U.S.C. § 1406(a) (requiring court to dismiss or transfer an action for improper venue), and 28 U.S.C. § 1391(b) (stating which district is proper venue in civil actions). (DE 18).  Alternatively, Federal Recovery seeks an order of transfer pursuant to 28 U.S.C. §1404(a) (allowing court to transfer a civil action when venue is proper but inconvenient).

## II.  ANALYSIS

### a.  Motion to Dismiss for Improper Venue

A motion to dismiss for improper venue pursuant to Rule 12(b)(3) will only be granted if the case was not filed in a venue prescribed by 28 U.S.C. § 1391.  *Kerobo v. Sw. Clean Fuels, Corp.,* 285 F.3d 531, 536 (6th Cir. 2002).  "[W]hether to dismiss or transfer is within the district court's sound discretion...." *First of Mich. Corp. v. Bramlet,* 141 F.3d 260, 262 (6th Cir. 1998). Because venue is proper in the Eastern District of Kentucky, the motion to dismiss will be denied.

The defendant has the burden of proving that the forum chosen by the plaintiff is improper.  *See Long John Silver's, Inc. v. DIWA III, Inc.*, 650 F. Supp. 2d 612, 631 (E.D. Ky.

2009) (distinguishing between challenges to personal jurisdiction and challenges to venue, and gathering cases in support of that distinction).   When considering venue on a Rule 12(b)(3) motion, "[t]he Court may look beyond the allegations of the Complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff."   *Audi AG & Volkswagen of America, Inc. v. Izumi,* 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002) (citations omitted).   *See also* 5B Charles Alan Wright et al., *Federal Practice and Procedure* § 1352 (3d ed. 2004).

Venue is proper in the Eastern District of Kentucky if this action satisfies the requirements of the general venue statute, 28 U.S.C. § 1391.   This statute provides three possibilities for proper venue: (1) a judicial district in which the defendant "resides," (2) a judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred," or (3) if the first two possibilities fail, "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).   In this case, Global Fitness alleged[2] that venue was proper "because a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in the Central Division of this Court."  (DE 1).   The issue is not which forum is the "best" venue, but whether the district has a "substantial connection" to Global Fitness's claims, even if other districts have greater contacts. *First of Mich. Corp.,* 141 F.3d at 263.   Federal Recovery has the burden of proving this is not the proper venue.   Because the Eastern District has a substantial connection to these

---

[2] It is not necessary, however, to plead the basis of venue.  *See* Fed. R. Civ. P. 8(a).  Because venue is subject to waiver – unlike subject matter jurisdiction – statements related to venue are not required in a complaint.  2 James Wm. Moore et al., *Moore's Federal Practice* § 8.03(1)(3d ed. 2012)("A defending party must make a timely objection to improper venue to have the defense considered.")

4

claims, Federal Recovery has not met this burden, and the Eastern District of Kentucky is a proper venue.[3]

Here, Global Fitness and Federal Recovery entered into an ongoing commercial relationship based on activity involving Global Fitness's Kentucky headquarters, Kentucky fitness centers, and Kentucky customers.  While Federal Recovery engaged in this activity from Utah, there remains a substantial connection to Kentucky, including, at the very least, the fees processed from Kentucky customers and deposited with Global Fitness' Kentucky bank. Furthermore, there was contact between Federal Recovery and Global Fitness throughout this commercial relationship.  The connections are not overwhelming, but there is a substantial connection sufficient for venue.  Because venue is proper in the Eastern District of Kentucky, the motion to dismiss will be denied.

### b.  Motion to Transfer for Inconvenient Venue

Alternatively, Federal Recovery asks the Court to transfer this matter to the District of Utah pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  It is undisputed that the action could have originally been brought in the District of Utah where Federal Recovery resides.  Accordingly, it is an appropriate forum to which this action might be transferred.  Deciding a motion to transfer venue requires an "individualized, case-by-case consideration of convenience and fairness," *Van Dusen v. Barrack,* 376 U.S. 612, 622 (1964), and the Court has broad discretion in deciding whether or not to transfer a case.  *Phelps v. McClellan,* 30 F.3d 658, 663 (6th Cir. 1994).

---

[3] Alternatively, Global Fitness now argues that venue is proper because Federal Recovery resides in the Eastern District of Kentucky pursuant to § 1391(b)(1) and § 1391(c)(2).  While a persuasive argument, the Court need not address it because venue is proper under § 1391(b)(2) as alleged in the Complaint.

Courts within the Sixth Circuit have identified nine factors which should be considered when ruling upon a motion to transfer venue under section 1404(a):

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Perceptron, Inc. v. Silicon Video, Inc.,* 423 F. Supp. 2d 722, 729 (E.D. Mich. 2006).

The burden is generally placed on the party seeking transfer, and a plaintiff's choice of forum is ordinarily entitled to considerable weight. *MSDG Mobile, LLC v. Am. Fed., Inc.,* 2006 U.S. Dist. LEXIS 7787, 2006 WL 515531, at *6 (W.D. Ky. Feb. 28, 2006). As a result, "[u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Nicol v. Koscinski,* 188 F.2d 537 (6th Cir. 1951) (citations omitted). Further, a motion to transfer venue under § 1404(a) cannot simply be an attempt to shift the inconvenience of litigation from the defendant to the plaintiff. *Copeland Corp. v. Choice Fabricators,* Inc., 492 F.Supp.2d 783, 789 (S.D. Ohio 2005).

In considering the factors identified by the Sixth Circuit in *Perceptron*, the Court will first consider the convenience of witnesses. The Court finds that this factor strongly favors transfer. "Witnesses' convenience is one of the most important factors in determining whether to grant a motion to change venue under § 1404(a)." *Valvoline Instant Oil Change Franchising, Inc. v. RFG Oil, Inc.*, No. 12-CV-39-KSF, 2012 WL 3613300, at *7 (E.D. Ky. Aug. 22, 2012)(quoting *Thomas v. Home Depot, U.S.A., Inc.,* 131 F.Supp.2d 934, 937 (E.D. Mich. 2001)). The parties likely will produce witnesses from their respective headquarters in Kentucky and Utah, so neither forum will be convenient for all party witnesses. Utah, however, is the more

convenient forum for third-party witnesses.  Given the preference of courts for live testimony over depositions, this is a critical consideration.  *See, e.g., Smith v. Kyphon, Inc.,* 578 F. Supp. 2d 954, 963 (M.D. Tenn. 2008) ("Convenience of *non-party* witnesses, as opposed to employee witnesses, is one of the most important factors in the transfer analysis").  Here, Federal Recovery has identified several third-party witnesses who would find it inconvenient to travel to this Court.  These witnesses include contractors involved in the handling and processing of the data and fees at the heart of this case.  These witnesses are not employed by Federal Recovery and do not reside in Kentucky.  Instead, these witnesses, who would have knowledge relevant to the issues in this case, reside in Utah.  If the case proceeded in this Court, the parties could not compel the attendance of these witnesses.  *See* Fed. R. Civ. P. 45(b)(2).  Moreover, L.A. Fitness, a California entity, is another third-party witness who would find Utah to be a more convenient forum.

The factor related to governing law also weighs in favor of transfer.  The parties agree that Utah law will govern Global Fitness's breach of contract claim because the parties' contract contains a choice of law provision declaring Utah law will apply.  (DE 1-2).  It is not clear to what extent Utah law may apply, if at all, to the remaining claims for conversion and tortuous interference.  While this Court certainly can apply non-forum law to the facts of a particular case, this factor nevertheless favors transfer to a Utah court with greater familiarity with Utah case law.

In addition, the location of relevant documents, the relative ease of access to sources of proof, and the locus of the operating facts favor transfer.  These related factors weigh in favor of Utah.  Even according to Global Fitness's allegations, the events underlying the Complaint largely occurred in Utah.  The actors behind these events were and are in Utah.  The documents generated in performance of this contract were created and maintained in Utah.  The advent of

electronic discovery has reduced the importance of the actual location of documentary evidence, but if this factor favors either forum, it favors Utah. Utah is where Global Fitness has alleged Federal Recovery wrongfully retained more than $500,000 in member fees. As a result, Utah is the locus of more operative facts and the location of more relevant documents.

Of the factors, only the plaintiff's choice of forum truly favors keeping the case in Kentucky. In cases where the forum has little connection with the matter in controversy, that choice is given less weight. *Valvoline*, 2012 WL 3613300, at *5. Here, the claims are connected with Kentucky, but that connection is not strong. As such, Global Fitness's forum selection is not entitled to completed deference. Regardless, the remaining factors favor transfer. Considering all the factors, and in the interest of justice and convenience, especially to third-party witnesses, the motion to transfer will be granted.

## III. CONCLUSION

For the above stated reasons, IT IS HEREBY ORDERED as follows:

(1) Defendant's motion to dismiss (DE 18) is DENIED;

(2) Defendant's alternative motion to transfer venue to the United States District Court for the District of Utah (DE 18) is GRANTED;

(3) The Clerk of the Court is DIRECTED to TRANSFER this action to the United States District Court for the District of Utah; and

(4) Defendant's "Motion to Hold Initial Meeting and Report Deadlines in Abeyance" (DE 19) and Plaintiff's "Motion for a Hearing on Paramount's Motion to Hold Initial Meetings and Report Deadlines in Abeyance" (DE 27) are DENIED as moot.

This 20th day of March, 2013.



Signed By:

*Karen K. Caldwell*

United States District Judge